UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES KAYE,

      Plaintiff,

 -vs-                                    Case number 09-14873
                                                Honorable Julian Abele Cook, Jr.

UNUM GROUP / PROVIDENT LIFE AND
ACCIDENT,

      Defendants.
_____/

## ORDER

In this ERISA lawsuit, the Plaintiff, Charles Kaye ("Kaye"), seeks a preliminary and permanent injunction, declaratory relief, an accounting, and damages against the Defendant, Unum Group ("Unum"), for wrongfully terminating his long-term disability benefits through the Provident Life and Accident Insurance Company ("Provident"), a subsidiary of Unum. Currently pending is Unum's motion to dismiss Count II of the complaint under Fed. R. Civ. P. 12(b)(6).

I.

Neither party has provided the Court with a detailed summary of the facts in controversy nor have they identified the specific disability benefits at issue in this case. Nevertheless, it appears that Kaye is a participant in a long-term disability benefit plan which is sponsored by Provident. According to Kaye, he first became eligible to receive disability benefits on September 27, 1991 on the basis of the language within his insurance policy with Unum. In this lawsuit, he claims that Unum ceased making payments to him under the policy on an unspecified date.

1

Kaye has sued Unum in an effort to recoup the disability benefits that, in his opinion are owed to him under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. In Count I of his complaint, Kaye's lone allegation (condensed to one substantive sentence) is that the denial of his long-term disability benefit payments violates the terms of the plan. In Count II, Kaye alleges that Unum's denial of benefits and refusal to provide an accurate accounting thereof violates the company's fiduciary duties set forth in 29 U.S.C. § 1104(a). Based on these alleged infractions, Kaye seeks the recovery of benefits under 29 U.S.C. § 1132(a)(1)(B), as well as the issuance of preliminary and permanent injunctions under 29 U.S.C. § 1132(a)(3) which, if granted, would enjoin Unum from impeding the distribution of his disability benefits under the policy.

II

First, Unum argues that the existence of a remedy under 29 U.S.C. § 1132(a)(1)(B) precludes any claim for the breach of a fiduciary duty under 29 U.S.C. § 1132(a)(3). Under ERISA, any person who is a fiduciary over a plan can be held liable for the breach of his or her fiduciary duties:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, . . . and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. . . .

29 U.S.C. § 1109(a). In turn, 29 U.S.C. § 1132(a)(1) provides that a civil remedy may be brought:

> (1) by a participant or beneficiary--
>
> (A) for the relief provided for in subsection (c) of this section, or
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

>  (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan; . . . .

29 U.S.C. § 1132(a). In interpreting 29 U.S.C. § 1132(a), the Supreme Court has limited the relief afforded by § 1132(a)(3) to those plan participants or beneficiaries who are unable to avail themselves of the other remedies available under § 1132. *See Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). In *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 615 (6th Cir. 1998), the Court of Appeals for the Sixth Circuit noted that 29 U.S.C. § 1132(a)(3) only authorizes lawsuits on the basis of breaches of a fiduciary duty or other injuries that are not otherwise remedied by § 1132. *Wilkins* at 615 (citing *Varity corp., supra* at 512) ("Because § 1132(a)(1)(B) provides a remedy for [the plaintiff's] alleged injury that allows him to bring a lawsuit to challenge the Plan Administrator's denial of benefits to which he believes he is entitled, he does not have a right to a cause of action for breach of fiduciary duty pursuant to § 1132(a)(3)"). Several courts in this district have followed the reasoning in *Varity* and *Wilkins* in rejecting attempts to repackage the denial of benefits claims under § 1132(a)(1) as breach of fiduciary duty claims under § 1132(a)(3). *See, e.g. Johns v. Blue Cross Blue Shield of Michigan*, No. 08-12272, 2009 WL 646636, *3 (E.D. Mich. March 10, 2009); *Isner v. Minnesota Life Ins. Co.*, 677 F. Supp. 2d 950, 959 (E.D. Mich. 2009); *Hill v. Blue Cross and Blue Shield of Michigan,* 299 F. Supp. 2d 742, 750 -751 (E.D. Mich. 2003); *McCandless v. Standard Ins. Co.*, No. 08-14195, 2009 WL 1543322, *2 (E.D. Mich. June 2, 2009) (NO. 08-14195).

Indeed, Kaye accepts this as a proper interpretation of § 1132. *See, Plaintiff's Response to Defendant's Motion to Dismiss* at 2 ("Kaye does not dispute that a plaintiff afforded relief under

3

§ 1132(a)(1) is precluded from attempting to acquire relief under § 1132(a)(3)"). However, he argues that because Fed. R. Civ. P. 8(d)(2) allows a plaintiff to plead claims in the alternative, he is entitled to a judicial determination as to whether he is adequately protected and eligible for relief under § 1132(a)(1) before his breach of fiduciary duty claim is dismissed. In this regard, Kaye attempts to distinguish *Wilkins* on procedural grounds inasmuch as the plaintiff's breach of fiduciary duty claim in that case was rejected only after the court had determined that he was eligible for relief under § 1132(a)(1) and after his § 1132(a)(3) claim had been denied through summary judgement. Yet, despite the facially valid appearance of this position, Kaye presents no case law or other legal authority which directly supports his claims.

Instead, the weight of the legal authority reveals that notwithstanding Kaye's argument, Count II of his complaint cannot stand. For example, in *Johns, supra,* the court rejected the plaintiff's contention that Rule 8(d) permitted him to plead his claims under § 1132(a)(1)(B) and § 1132(a)(3) as alternative inconsistent theories. The court there emphasized that "Rule 8(d) does not excuse parties from pleading facts to support each of the alternative legal theories they are pressing," and found that since "[§1132](a)(3) itself permits only claims that are not cognizable (or not fully cognizable) under [§1132](a)(1)(B)," the facts underlying each potential claim must be distinct before a plaintiff can be allowed to proceed under both theories. *Johns,* 2009 WL 646636 at *5; *See also, Schultz v. Prudential Ins. Co. of America*, 678 F. Supp. 2d 771, 780 (N.D. Ill. 2010) (rejecting plaintiff's argument that it would be inappropriate to dismiss her claim under § 1132(a)(3) at the pleading stage because "the relevant inquiry under *Varity* and its progeny is not whether [a plaintiff] can actually recover, but rather whether an adequate remedy is available under Section 1132(a)(1)(B)"). Thus, inasmuch as Kaye has other avenues of relief available to

4

him under § 1132(a)(1)(B), he cannot pursue a breach of fiduciary duty claim under § 1132(a)(3) as a matter of law. *Marks v. Newcourt Credit Group, Inc*., 342 F.3d 444, 454 (6th Cir. 2003) ("An ERISA plan participant can seek equitable relief against his plan administrator under . . . 29 U.S.C. § 1132(a), if he has been harmed by the administrator's breach of a fiduciary duty. . . . However, a participant cannot seek equitable relief for a breach of fiduciary duty under the catchall provision of § 502(a)(3) if the alleged violations are adequately remedied under other provisions of § 502.") (citing *Varity, supra*). In light of this clear precedent, Unum's motion to dismiss Count II of Kaye's complaint must be granted.

### III.

Unum argues that in addition to being legally barred by the existence of a remedy under § 1132(a)(1)(B), the facts set forth in Kaye's complaint fail to state a viable claim for the breach of a fiduciary duty. Fed R. Civ. P. 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief [in order to] give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this pleading standard does not mandate "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555. Therefore, the complaint must offer more than "an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Otherwise, it is subject to dismissal under Rule 12(b)(6).

Generally, when considering a motion to dismiss, the Court must construe the complaint in a light that is most favorable to the plaintiff, accept the plaintiff's factual allegations as true, and

5

draw all reasonable factual inferences in the plaintiff's favor. *Tipton v. Corr. Med. Services, Inc.*, No. 08-421, 2009 WL 2135226 (W.D.Mich. July 15, 2009). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Claims are capable of surviving a Rule 12(b)(6) motion only if the "[f]actual allegations [are] enough to raise a right to relief above the speculative level . . . on the assumption that all [of] the allegations in the complaint are true . . . ." *Twombly*, 550 U.S. at 555.

As emphasized by *Iqbal*, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is "plausible" on its face:

> [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief. *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)) (internal citations omitted).

*Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)) (internal citations omitted).

A review of the complaint reveals that Unum's assessment is legally correct. The only factual allegations that tend to support Kaye's Count II claim are that (1) he became entitled to the payment of long-term disability payments under the policy, (2) Unum has ceased making payments to Kaye, (3) Unum has refused to offer him continued payments, and (4) Unum's unspecified actions in denying the benefits breached three distinct fiduciary duties under 29 U.S.C. § 1104(a). Moreover, Kaye has failed to identify the relevant policy provisions which he believes have been breached by Unum. He has also declined to discuss any of the facts and circumstances

6

which ostensibly gave rise to Unum's alleged misconduct. Indeed, on the basis of the current composition of the complaint, it is impossible to tell exactly when and/or under what conditions Unum decided to stop providing the benefits. Thus, even when considered a light that is most favorable to Kaye as the non-moving party, the complaint sets forth facts which suggest that a valid claim against Unum is merely possible, but not plausible. The motion to dismiss must therefore be granted, inasmuch as Kaye has only alleged but not shown that he is entitled to relief under the standards articulated by *Iqbal* and *Twombly*.

V.

For the reasons that have been stated above, the Court grants Unum's motion to dismiss Count II of Kaye's complaint.

IT IS SO ORDERED.

Dated: September 22, 2010                s/Julian Abele Cook, Jr.
       Detroit, Michigan                JULIAN ABELE COOK, JR.
                                           United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 22, 2010.

                                                       s/ Kay Doaks
                                                       Case Manager